UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,      )      Index No.: 08-CIV-0187 (KMK)
                                            )
                            Plaintiffs,     )      DEFAULT JUDGMENT
      -against-                             )
                                            )
J.M. CHARLES PAINTING CORP.,                )
                                            )
                            Defendant.      )
                                            )

---

This action having been commenced on January 9, 2008 by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on the Defendant J.M. Charles Painting Corp. on January 14, 2008 via New York's Secretary of State and said Proof of Service having been filed with the Clerk of the Court on January 29, 2008 and the defendant not having appeared, answered or otherwise moved with respect to the Complaint within the time allowed by law, and the time for appearing, answering or otherwise moving having expired it is,

ORDERED, ADJUDGED AND DECREED: that the plaintiffs have judgment against defendant in the liquidated amount of Fifteen Thousand Two Hundred and Seventy Dollars and Thirteen Cents ($15,270.13), which includes the following: contributions due and owing in the sum of $8,641.86 for the period January 1, 2003 through June 30, 2006; interest in the sum of $1,124.07 calculated at 7% per annum through to October 17, 2007; liquidated damages in the sum of $864.20 calculated at 10% of the principal; attorneys' fees in the sum of $2,200.00; auditors' fees in the sum of $2,050.00, plus court costs and disbursements of this action in the sum of $390.00.

ORDERED, that the Judgment rendered by the court on this day in favor of the Plaintiffs be entered as a final judgment against Defendant and the Clerk of the Court is directed to enter such judgment forthwith.

Dated: White Plains, New York
       , 2008

So Ordered:

_____
Honorable Kenneth M. Karas, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS, )   Index No.: 08-CIV-0187 (KMK)
)
                Plaintiffs, )   AFFIDAVIT FOR JUDGMENT
-against- )   BY DEFAULT
)
J.M. CHARLES PAINTING CORP., )
)
                Defendant. )
)

---

STATE OF NEW YORK      )
                                 ) ss.:
COUNTY OF WESTCHESTER  )

Dana L. Henke, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and am associated with the firm Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC as the attorneys of record for the Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") in the above-entitled action. I am fully familiar with the facts set forth herein, and I submit this Affidavit in support of plaintiffs' entry of Default and Judgment.

2. Plaintiffs' Funds are jointly administered, multi-employer, labor management employee benefit trust funds established and maintained pursuant to the terms of various collective bargaining agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

3. Defendant, J.M. Charles Painting Corp. (hereinafter referred to as "Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185.

4. This is an action to recover certain delinquent benefit fund contributions owed to the Funds by the Employer pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the District Council 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and the Employer.

5. This action was commenced on January 9, 2008 by the filing of a summons and complaint. The summons and complaint was served upon the Employer on January 14, 2008 via New York's Secretary of State.

6. The Proof of Service was filed with the Clerk of this Honorable Court on January 29, 2008. Copies of the summons, complaint, and proof of service thereof are annexed hereto collectively as Exhibit "A".

7. The Employer has failed to answer, appear or otherwise defend in this action within the time period permitted by law.

8. As set forth in the complaint, jurisdiction of the subject matter is premised upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended "ERISA" (29 U.S.C. Sections 1132 and 1145) and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. Section 185).

9. The Employer as party to the C.B.A. is required to remit to the plaintiffs' Funds benefit contributions and reports in a timely fashion. If the Employer fails to remit the contributions, then the Employer is liable for the additional amount of statutory damages, together with attorneys' fees, auditors' fees, interest on the unpaid principal assessed at the prime rate plus 2% from the date the contributions were due to the date of the audit findings, liquidated damages equivalent to 10% of the total amount of contributions, costs and disbursements incurred in the action pursuant to the terms of the C.B.A. and in accordance with Section 502 of ERISA, 29 U.S.C. Section 1132.

10. The Employer has failed and refused to submit benefit contributions found due pursuant to an audit of the Employer's books and records for the period January 1, 2003 through June 30, 2006 in the principal sum of $8,641.86. A copy of the results of the audit are attached hereto as Exhibit "B".

11. The amounts set forth in the Statement of Damages are justly due and owing and no part thereof have been paid to the Funds. The amount of costs set forth therein consists of the following items and amounts.

| | | |
|---|---|---|
| (a) Filing Fee paid to the Clerk of the Court of the S.D.N.Y. | | $350.00 |
| (b) Statutory fee paid to the NYS Secretary of State in connection with service upon the Employer | | $ 40.00 |
| | Total: | $390.00 |

12. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

13. Your affirmant was admitted to this Court in 1990, and I have been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than ten (10) years. During the course of this case, I acted as lead counsel with the assistance of my paralegal with court filings. The customary rate for an associate attorney in our firm is $250.00 per hour and $100.00 for paralegals. The attorneys' fees sought on this application are 7 hours @ $250.00 per hour = $1,750.00 and 4.5 hours @ $100 per hour = $450.00. This rate and fee are reasonable and justified given the circumstances of this matter.

14. It is my opinion and belief, based upon my years in practice in the State of New York and my experience in litigation involving benefit fund contribution obligations that $2,200.00 represents fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in the United States District Court, S.D.N.Y. Additionally, it is my professional opinion that all fees represent services that were necessary to secure the result obtained.

15. A summary of the total hours spent on various tasks by your affirmant and paralegal are as follows:

| Date | Task | Hours |
|---|---|---|
| December 10, 2007 | Prepared and sent demand letter to the defendant | 1.0 hours |
| January 9, 2008 | Reviewed client statements and prepared complaint | 3.5 hours |
| | Prepared and filed civil cover sheet, summons, and rule 7.1 statement | 2.5 hours |
| January 29, 208 | Filed affidavit of service | 0.5 hours |
| February 15, 2008 | Prepared and filed order to show case, affidavit of default, statement of damages, clerk's certificate, request for entry of judgment, certificate of service and default judgment | 4.0 hours |
| | | 11.5 hours |

16. As a result of defendant's default, in addition to the principal of $8,641.86 for the period January 1, 2003 through June 30, 2006 plaintiffs are entitled to damages as follows:

(a) $1,124.07 in interest calculated at 2% above prime per annum through to October 17, 2007; $864.20 in liquidated damages calculated at 10% of the principal; $2,200.00 in attorneys' fees; $2,050.00 in auditors' fees and court costs and disbursements in the amount of $390.00 pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)).

**WHEREFORE**, plaintiffs request the entry of default and entry of judgment for contributions, interest, liquidated damages, attorneys' fees, auditors' fees and court costs and disbursements in the amount of $15,270.13.

Dated: Elmsford, New York
February 15, 2008

Dana L. Henke, Esq. (DLH3025)
BARNES, IACCARINO, VIRGINIA
AMBINDER & SHEPHERD, PLLC
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515

Sworn to before me this
15th day of January, 2008

Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010

# Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
## ATTORNEYS AT LAW

3 Surrey Lane
Hempstead, New York 11550
(516) 483-2990
Fax: (516) 483-0566

258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515
Fax: (914) 592-3213

111 Broadway
Trinity Centre
Suite 1403
New York, New York 10006
(212) 943-9080
Fax: (212) 943-9082

December 10, 2007

CERTIFIED MAIL
Mark Cohen
JM Charles Painting Corp.
27 St. Charles Street
Thornwood, NY 10594

RE: D.C. 9 Painting Industry Insurance and Annuity Funds

Dear Mr. Cohen:

Please be advised this office is counsel to the above-referenced benefit funds. Our office has been informed that your company is delinquent in remitting contributions in accordance with your Trade Agreement. Demand is hereby made for the following contributions:

| CONTRIBUTIONS | INTEREST | LIQUIDATED DAMAGES | AUDITOR FEE | TOTAL |
|---|---|---|---|---|
| $4,156.32 | $603.20 | $415.64 | $2,050.00 | $7,225.16 |

The above amount is based upon a payroll audit conducted for the period October 1, 2005 through June 30, 2006.

Unless satisfactory arrangements are made to liquidate this delinquency within ten (10) days of your receipt of this letter, we will have no alternative but to institute appropriate legal proceedings against your company on behalf of the Funds.

In the event legal proceedings are instituted, in addition to the delinquency, your company may be liable for the following:

- **ADDITIONAL INTEREST IN ACCORDANCE WITH FUND POLICY**
- **LIQUIDATED DAMAGES IN THE AMOUNT OF TEN PERCENT**
- **COURT COSTS AND DISBURSEMENTS**
- **ATTORNEYS' FEES**

Thank you for your anticipated cooperation and courtesies.

Very truly yours,

Dawn Stefanik
Paralegal

# Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
## ATTORNEYS AT LAW

3 Surrey Lane
Hempstead, New York 11550
(516) 483-2900
Fax: (516) 483-0566

258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515
Fax: (914) 592-3213

111 Broadway
Trinity Centre
Suite 1403
New York, New York 10006
(212) 943-9080
Fax: (212) 943-9082

December 10, 2007

CERTIFIED MAIL
Mark Cohen
JM Charles Painting Corp.
27 St. Charles Street
Thornwood, NY 10594

RE: D.C. 9 Painting Industry Insurance and Annuity Funds

Dear Mr. Cohen:

Please be advised this office is counsel to the above-referenced benefit funds. Our office has been informed that your company is delinquent in remitting contributions in accordance with your Trade Agreement. Demand is hereby made for the following contributions:

| CONTRIBUTIONS | INTEREST | LIQUIDATED DAMAGES | AUDITOR FEE | TOTAL |
|---|---|---|---|---|
| $4,485.54 | $520.87 | $448.56 | ~~$2,050.00~~ | $5,454.97 |

The above amount is based upon a payroll audit conducted for the period January 1, 2003 through September 30, 2005.

Unless satisfactory arrangements are made to liquidate this delinquency within ten (10) days of your receipt of this letter, we will have no alternative but to institute appropriate legal proceedings against your company on behalf of the Funds.

In the event legal proceedings are instituted, in addition to the delinquency, your company may be liable for the following:

- **ADDITIONAL INTEREST IN ACCORDANCE WITH FUND POLICY**
- **LIQUIDATED DAMAGES IN THE AMOUNT OF TEN PERCENT**
- **COURT COSTS AND DISBURSEMENTS**
- **ATTORNEYS' FEES**

Thank you for your anticipated cooperation and courtesies.

Very truly yours,

Dawn Stefanik
Paralegal

## CERTIFICATE OF SERVICE

STATE OF NEW YORK     )
                      ss.:
COUNTY OF WESTCHESTER)

I, Dawn Stefanik, being duly sworn, deposes and says:

I am not a party to the within action, am over the age of 18 years and reside in Westchester County, New York. That on February 25, 2008, I served a true copy of the default judgment with supporting papers by mailing a true copy of same enclosed in a post-paid wrapper in an official depository by First Class Mail under the exclusive care and custody of the United States Postal Service within New York State, addressed as follows:

J.M. CHARLES PAINTING CORP.
27 ST. CHARLES STREET
THORNWOOD, NY 10594

_____
Dawn Stefanik

Sworn to before me this
25th day of February, 2008

_____
Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,     )     Index No.: 08-CIV-0187 (KMK)
                                          )
                              Plaintiffs, )     CLERK'S CERTIFICATE
     -against-                            )
                                          )
J.M. CHARLES PAINTING CORP.,              )
                                          )
                              Defendant.  )
                                          )

---

I, J. MICHAEL MCMAHON, Clerk of the United States District Court for the Southern District of New York, do hereby certify that the docket entries in the above-entitled action indicate that this action commenced on January 9, 2008 with the filing of the Summons and Complaint; a copy of the Summons and Complaint was served on defendant via New York's Secretary of State on January 14, 2008 and proof of such service thereof was filed on January 29, 2008.

I further certify that docket entries indicate that the Defendant has not filed an answer or otherwise moved with respect to the complaint herein. The default of the defendant is hereby noted.

Dated: White Plains, New York
               , 2008
                                            J. MICHAEL MCMAHON
                                            Clerk of the Court


                                    By: _____
                                            Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS, )   Index No.: 08-CIV-0187 (KMK)
)
                        Plaintiffs, )   STATEMENT OF DAMAGES
    -against- )
)
J.M. CHARLES PAINTING CORP., )
)
                        Defendant. )
)

---

Principal Amount Due
for the period January 1, 2003 through June 30, 2006..................$ 8,641.86

Interest calculated at 7% per annum
through to October 17, 2007................................................$ 1,124.07

Liquidated Damages calculated at 10% of the principal...................$ 864.20

Attorneys' Fees .........................................................$ 2,200.00

Auditors' Fees..........................................................$ 2,050.00

Court Costs & Disbursements:

    Filing Fees (Index).................................................$ 350.00
    Process Server Fee..................................................$ 40.00


**GRAND TOTAL:**............................................   $ 15,270.13